UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRYSTELLE RONDIN.,

                      Plaintiff,                      15-cv-4235 (PKC)

       -against-                      MEMORANDUM
                                                               AND ORDER

KENNETH B.GOLDBLATT, ESQ. and
GOLDBLATT & ASSOCIATES, P.C.,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Ms. Chrystelle Rondin, sues defendants Kenneth B. Goldblatt and Goldblatt Associates, P.C. for legal malpractice in giving improper legal advice concerning the timeliness of a claim for legal malpractice against lawyer Charles David Segal. The Court has subject matter jurisdiction by reason of diversity of citizenship. 28 U.S.C. § 1332(a).

        The story begins with a slip and fall accident at a Victoria's Secret store in or about May 26, 2006. Ms. Rondin retained Mr. Segal, to bring an action against the corporate owner of the Victoria's Secret store. In the course of the state court lawsuit, Ms. Rondin withdrew her claim for lost earnings and executed a document waiving her right to seek loss of earnings damages. Why this was done in such a formal matter is not clear, but Ms. Rondin consulted with independent counsel Martin Smiley and directed Mr. Segal to withdraw the claim. The waiver read in part: "I have a long job history of approximately thirty years. During this time I had many employers. As a result of firings, layoffs and resignations I believe that the defense lawyer will cross examine me and make it look as if I was unemployable prior to the accident. This will cloud the issues."

Shortly thereafter, Mr. Segal was granted leave to withdraw and, after Ms. Rondin retained new counsel, defendants Kenneth B. Goldblatt and Goldblatt Associates, P.C., Ms. Rondin had a change of heart about the lost earnings claim.  Mr. Goldblatt sought to have the lost earnings claim reinstated.  Hon. Richard. F. Braun, Justice of the Supreme Court, denied the application finding there to have been a clear and unambiguous intent to withdraw the claim. Rondin v. Limited Brands, Index No. 102268/2008, Supreme Court, New York County (Decision and Order, filed July 19, 2011.)

In the present action, Ms. Rondin alleges that she discussed with Mr. Goldblatt bringing a claim against Mr. Segal for legal malpractice for advising her to drop the loss of earnings claim.  She claims that Mr. Goldblatt told her that the claim for malpractice would not accrue until the underlying slip and fall case was over.  He allegedly said "we will discuss this matter after the trial."

Ms. Rondin, now represented by Sanford F. Young, alleges that Mr. Goldblatt's legal advice about the timing of a legal malpractice claim against Mr. Segal was wrong and gives rise to a legal malpractice claim against Mr. Goldblatt.

Mr. Goldblatt and his firm move to dismiss two open claims.[1]  Rule 12(b)(6), Fed. R. Civ. P., with few exceptions, tests the legal sufficiency of the pleading.  A motion to dismiss is not a means of summary adjudication of the merits of a claim.  Because Ms. Rondin states a claim for relief regarding legal malpractice, the motion to dismiss is denied as to that claim without prejudice to defendants right to seek summary adjudication under Rule 56, Fed. R. Civ. P., after limited discovery.  The motion to dismiss is granted, however, as to Ms. Rondin's claim under New York Judiciary Law § 487.

---

[1] Ms. Rondin's counsel has stipulated to the dismissal without prejudice of her first and second claims: breach of contract claim and abandonment claims.  (Doc 12, 21.)

RULE 12(b)(6) STANDARD.

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Legal conclusions are not entitled to the presumption of truth, and a court assessing the sufficiency of a complaint disregards them.  Id.  Instead, the Court must examine only the well-pleaded factual allegations, if any, "and then determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  "Dismissal is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'"  Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208-09 (2d Cir. 2014) (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)).

"[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.'"  Halebian v. Berv, 644 F.3d 122, 130 (2d Cir. 2011) (quoting Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006)).  A court reviewing a Rule 12(b)(6) motion "does not ordinarily look beyond the complaint and attached documents in deciding a motion to dismiss brought under the rule."  Id.  A court may, however, "consider 'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit.'"  Stratte-McClure v. Morgan Stanley, 776 F.3d 94, 100 (2d Cir. 2015) (quoting Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000)).

APPLICATION.

    1.  Legal Malpractice Claim:

The Existence of an Attorney-Client Relationship.

        Defendants assert that the claim for legal malpractice should be dismissed because Ms. Rondin has not alleged that there was an attorney-client relationship that included within its scope a possible suit for legal malpractice against Mr. Segal.  Ms. Rondin's complaint alleges that defendants acted as her lawyer during the period between October 2010 and March 23, 2015.  (Compl. ¶ 12.)   It further alleges that she conferred with defendants about "when her time to commence her legal malpractice action against Segal runs out . . . ."  (Compl. ¶ 37.)  She alleges that defendants told her that the claim "does not accrue until conclusion of the underlying [slip and fall] trial."  (Compl. ¶ 38.)  Ms. Rondin alleges that this advice was wrong and that the statute of limitations expired on October 5, 2013, three years after the Court allowed Mr. Segal to withdraw as counsel. (Compl. ¶¶ 40-41.)  For the purposes of the present motion, defendants do not contest that they gave such advice and that it was wrong.

        The gist of defendants' central argument is that a legal malpractice claim was not encompassed within the four corners of their retainer agreement with Ms. Rondin.  Assuming that to be true, it is not dispositive.  Mr. Goldblatt was Ms. Rondin's attorney, and taking the complaint as true, she asked Mr. Goldblatt for legal advice and he in fact gave legal advice, i.e. that a claim against Mr. Segal does not accrue until after the slip and fall trial was over.  "Since an attorney-client relationship does not depend on the existence of a formal retainer agreement or upon payment of a fee, a court must look to the words and actions of the parties to ascertain the existence of such a relationship."  Moran v. Hurst, 32 A.D.3d 909, 911, (2d Dep't 2006) (internal citations omitted); See Steinbeck v. Steinbeck Heritage Found., 400 F. App'x 572, 577 (2d Cir.

2010). Cf. Togstad v. Vesely Otto, Miller & Keefe, 291 N.W.2d 686 (Minn. 1980) (upholding denial of defendant attorney's motion for judgment notwithstanding the jury verdict regarding malpractice claim premised upon 45 minute conversation with the attorney who declined to accept case but failed to advise would-be plaintiff of a 2-year limitations period); Restatement (Third) of The Law Governing Lawyers § 14.

Ms. Rondin has plausibly alleged that Mr. Goldblatt and his firm were her lawyers and that they purported to render legal advice that was wrong and below the standard of care expected of a lawyer in the New York legal community.

Lack of Causation and Damages.

Ms. Rondin alleges that "[b]y reason thereof, Plaintiff was caused to lose her claims against Charles David Segal, and therefore damaged in an amount in excess of $5,000,000." (Compl. ¶ 45). Defendants challenge the adequacy of the allegation of causation noting that the pleading does not plausibly allege that any act of defendants caused injury to her. Defendants rely in large measure on a document outside the pleadings and not referred to in the judicial order allowing the withdrawal of the lost earnings claim.

> In relevant part the document states as follows:
>
> On this 8th day of July 2010, I CHRYSTELLE RONDIN, the plaintiff in the case arising from my fall inside a Victoria's Secret store demand and instruct my attorney, CHARLES DAVID SEGAL to withdraw and discontinue my claims for past lost earnings and future loss of earnings/loss of earnings capacity (future). I have reached this decision after deep consideration, consultation with Mr. Segal and discussion with Martin Smiley Esq., who is not interested financially.
>
> . . . As a result of firings, layoffs and resignations I believe that the defense lawyer will cross examine me and make it look as if I was unemployable prior to the accident. This will cloud the issues . . . .

(Declaration of Michael J. Cannon ("Cannon Decl."), Ex B.).

The document may have dramatic consequences on the future course of the case. It suggests that Ms. Rondin made a strategic choice after receiving advice from both Mr. Segal and a second lawyer, Martin Smiley, who was "not interested financially." Among other things, Mr. Smiley's independent advice and Ms. Rondin's decision "after deep consideration" may break any chain of causation flowing from any unsoundness in Mr. Segal's advice.

But on this Rule 12(b)(6) motion, the statement offers no help to the defendants. It is not annexed to, quoted in or relied upon in the complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough.") (emphasis in original). It is not annexed to or referred to in a state court order of which the Court may take judicial notice. It is not properly considered on this motion.

For those reasons, and because the fact of damages is adequately alleged, defendants' motion to dismiss Ms. Rondin's legal malpractice claim is denied.

2. Judiciary Law § 487 Claim.

Ms. Rondin also alleges that defendants violated New York Judiciary Law § 487, which states that:

> An attorney or counselor who:
>
> 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,
>
> 2. Wilfully delays his client's suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,

> Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

N.Y. Judiciary Law § 487. She does not, however, plausibly allege that Mr. Goldblatt or his law firm engaged in any deceitful or collusive conduct, nonetheless that they "acted with intent to deceive [the] court or any party." Jaroslawicz v. Cohen, 12 A.D.3d 160 (1st Dep't. 2004). Nor does she plausibly allege that defendants willfully delayed her lawsuit or otherwise violated the statute. Her complaint merely repeats the statutory provision and asserts that "[d]efendants, by their actions, are guilty of and in violation of Judiciary Law § 487." (Compl. ¶¶ 47-48). Moreover, in her memorandum of law in opposition to defendants' motion to dismiss, her only statement regarding her Judiciary Law claim is that "[p]laintiff agrees that this claim does not apply to the malpractice claim." (Plaintiff's Memorandum of Law in Opposition, 13). Because Ms. Rondin has failed to plausibly allege that defendants violated Judiciary Law § 487, her claim for relief is dismissed with prejudice.

CONCLUSION.

Defendants' motion to dismiss (Doc 15) is DENIED in part and GRANTED in part. Plaintiff's claim that defendants violated Judiciary Law § 487 is dismissed, but her claim for legal malpractice remains. Discovery shall commence immediately and shall be completed by October 21, 2016. The pre-motion letter requirement is waived for any motion for summary judgment provided it is filed by November 10, 2016.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 7, 2016